UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIKA LOUISE SCHMID,<br><br>    Defendant. | No. 2:18-cr-00246-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Erika Louise Schmid's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A).  (ECF No. 112.)  The Government filed an opposition.  (ECF No. 121.)  Defendant filed a reply.  (ECF No. 130.)  For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On June 11, 2020, Defendant pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 76.) On April 22, 2021, the Court sentenced Defendant to a 57-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF No. 108.) Defendant is currently serving her sentence at FMC Carswell. (ECF No. 112 at 2.) Her projected release date based on application of good conduct time is January 31, 2025. (*Id.*)

On June 21, 2022, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See id.*) Defendant requests the Court reduce her term of imprisonment to time served due to the COVID-19 pandemic and her grandmother's multiple medical crises. (*Id.* at 1, 16.) Defendant claims she is at elevated risk for severe complications from COVID-19 because of her serious medical conditions, including cardiomyopathy, chronic obstructive pulmonary disease ("COPD"), essential (primary) hypertension, pulmonary hypertension, and heart failure. (*Id.* at 2.) Defendant also notes that she was recently taken to the hospital for shortness of breath, issues related to her heart failure, and diagnosed with fluid overload. (*Id.* at 2–3.) Defendant also claims that her 94-year-old grandmother has had multiple hospitalizations since she has been incarcerated, her grandmother has deteriorated to the point where she cannot care for herself any longer, and there is no one to care for her other than Defendant. (*Id.* at 3.)

II. **ANALYSIS**[1]

A. Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

---

[1] As an initial matter, the Court agrees with the Government that to the extent Defendant seeks to address the conditions of her confinement at FMC Carswell, she must bring a habeas petition under 28 U.S.C. § 2241. (ECF No. 121 at 14.)

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden that was denied on June 30, 2021. (ECF No. 112 at 4; ECF No. 121 at 5.) Because more than 30 days have elapsed since receipt of Defendant's request, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

### B.   Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if she can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant contends her health conditions combined with COVID-19, as well as the medical crisis faced by her grandmother, constitute extraordinary and compelling reasons for her release.[2] (*See* ECF No. 112.) The Court will consider each argument in turn.

### i. *Defendant's Health Conditions and COVID-19*

Defendant maintains she has three of the documented conditions — COPD, heart failure, and two types of hypertension — identified by the Centers for Disease Control and Prevention as high-risk factors for COVID-19 complications. (ECF No. 112 at 9, 11–12); *see generally* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 8, 2022). BOP medical records — filed under seal — indicate Defendant is currently being treated for essential (primary) hypertension, pulmonary hypertension (methamphetamine induced), cardiomyopathy (methamphetamine induced), heart failure, and COPD. (ECF No. 121 at 8.) Defendant concedes that she has already contracted and recovered from COVID-19 and is fully vaccinated. (*Id.*) However, Defendant argues that vaccines are not certain to protect against more transmissible variants. (*Id.* at 9, 12.)

Defendant contends that the conditions at FMC Carswell are such that there is no social distancing. (ECF No. 112 at 13.) Defendant states that when she was previously infected with COVID-19, she was quarantined for 17 days in a cold cell, she did not see a doctor, and she was quarantined with 14 other women, one of whom died. (*Id.*) Defendant provides further details about the conditions at FMC Carswell, including her concern that not all the staff is vaccinated, the shortage of medical supplies at the prison, and the fact that the prison was hit hard by COVID-19. (*Id.* at 13–15.) Defendant also notes that FMC Carswell in mid-January had the second highest number of active COVID cases in the entire federal prison system, totaling 9,020

---

[2] In opposition, the Government addresses these two arguments and also argues that rehabilitation alone is not an extraordinary and compelling reason to warrant early release. (*See* ECF No. 121.) Because Defendant does not explicitly argue her rehabilitation efforts constitute an "extraordinary and compelling" reason for early release, the Court declines to address the Government's arguments regarding that issue.

4

1    active cases.  (*Id.* at 15.)  A review of COVID-19 test information data at FMC Carswell reveals
2    that the prison has completed 1243 tests, resulting in 897 positive tests.  Federal Bureau of
3    Prisons, COVID-19 Coronavirus, available at https://www.bop.gov/coronavirus/ (last visited
4    Sept. 8, 2022).  However, as of the date of this Order, FMC Carswell reports there are no active
5    inmate cases of COVID-19.  *See id.*

6         In opposition, the Government contends that Defendant has failed to demonstrate a health-
7    related circumstance sufficiently extraordinary to warrant a time-served sentence.  (ECF No. 121
8    at 8–10.)  The Government notes that courts in this district have found that a vaccinated defendant
9    cannot establish extraordinary and compelling reasons to justify compassionate release.  (*Id.* at 9.)
10   The Government notes that one court specifically concluded: "[a]lthough no federal court of
11   appeal appears to have considered the question, district courts across the country, including
12   within this Circuit, have held almost uniformly that a defendant's vaccination undercuts any
13   claims of 'extraordinary and compelling reasons' based on high risk of infection."  (*Id.* (citing
14   *United States v. Smith*, 538 F. Supp. 3d 990, 996 (E.D. Cal. 2021).)

15        The Government further contends that Defendant's records reveal that the BOP has been
16   able to monitor and treat Defendant's conditions without extraordinary measures, and that
17   "chronic conditions 'that can be managed in prison are not a sufficient basis for compassionate
18   release.'"  (*Id.* at 10 (citing *United States v. Ayon-Nunez*, No. 1:16-CR-00130-DAD, 2020 WL
19   704785, at *2–3 (E.D. Cal. Feb. 12, 2020)).)

20        The Court agrees with the Government that Defendant has not shown her medical
21   conditions and vulnerabilities to COVID-19 establish extraordinary and compelling reasons for
22   release.  While the Court finds concerning the high number of past COVID-19 cases at FMC
23   Carswell, the Court's concern is assuaged by the lack of current positive inmate cases of COVID-
24   19, Defendant's failure to provide any evidence that the BOP is unable to manage her health
25   conditions at the medical facility where she is currently housed, and Defendant's vaccination
26   status.  (*Id.*)
27   ///
28   ///

                *ii.*       *Medical Crisis Faced by Defendant's Grandmother*

Defendant contends that her 94-year-old grandmother has deteriorated to the point where she can no longer care for herself and there is no one to care for her other than Defendant. (ECF No. 112 at 15.) Defendant does not provide any further details on her grandmother's medical conditions, but notes that other federal courts, including courts within this district, have found extraordinary and compelling reasons to release people based on needing to take care of family members. (*Id.*)

In opposition, the Government asserts that Defendant has not met the high burden of demonstrating that she is the only available caregiver for her grandmother. (ECF No. 121 at 11.) The Court finds compelling the Government's point that Defendant has not presented any evidence to support her contention that she is the only one who can take care of her grandmother. (*Id.*) The Government notes that Defendant's daughter is currently the main caregiver for her grandmother and there is no reason to believe that cannot continue. (*Id.*) The Court also notes that Defendant has not provided any reason why that cannot continue. The Government also cites to numerous cases for the proposition that a desire to care for elderly family members is insufficient to establish an extraordinary circumstance for release. (*Id.* (citing cases).)

Accordingly, based on the foregoing, the Court finds Defendant has not demonstrated "extraordinary and compelling" reasons for her release.

        C.       <u>Section 3553(a) Factors</u>

Finally, the Court must consider the factors under 18 U.S.C. § 3553(a) before granting compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Based on the estimate provided by the Government, Defendant has served approximately 19 months of her 57-month sentence. (ECF No. 121 at 13.) The applicable guidelines range at sentencing was 57–71 months of imprisonment. As such, Defendant is seeking a reduction from a low-end, 57-month sentence to an approximately 19-month sentence. With respect to the § 3553(a) factors, Defendant argues that she poses a low risk of recidivism or danger to the public, her conviction is for a non-violent crime, and her biggest challenge has been her drug addiction. (ECF No. 112 at 16.) Defendant notes that she is currently in Residential Drug Abuse Program ("RDAP") and she has sought drug

1  treatment programming while in custody.  (*Id.* at 16–17.)  Defendant also contends that she has
2  sought out therapy, taken self-help courses, learned yoga and line art as healthy coping
3  mechanisms, and increased her vocational skills by obtaining a food handling certificate.  (*Id.* at
4  17.)
5        While the Court commends the efforts Defendant has made to better herself while in
6  custody, Defendant fails to persuade the Court that the § 3553(a) factors support a time served
7  sentence.  The Government notes the § 3553(a) factors do not weigh in favor of compassionate
8  release, as Defendant's extensive criminal history includes firearms, drugs/alcohol, and theft
9  convictions, and this was Defendant's second firearm-related conviction.  (ECF No. 121 at 13.)
10 The Government also notes it cannot be ignored that, at the time of her arrest, there was
11 methamphetamine and body armor at her house, where children lived.  (*Id.*)  The Government
12 emphasizes that Defendant showed a concerning pattern of non-compliance while on pretrial
13 supervision.  (*Id.*)  The Court ultimately agrees with the Government that a 57-month sentence is
14 "sufficient, but not greater than necessary, to deter her, protect the public, promote respect for the
15 law, and provide just punishment."  (ECF No. 121 at 13.)  Accordingly, the Court declines to
16 drastically reduce Defendant's well-supported, low-end, 57-month sentence of imprisonment.
17     **III.**    **CONCLUSION**
18       For the foregoing reasons, the Court hereby DENIES Defendant's Motion for
19 Compassionate Release.  (ECF No. 112.)
20       IT IS SO ORDERED.
21 **DATED: September 9, 2022**
22
23                         Troy L. Nunley
                        United States District Judge